UNITED STATES BANKRUPTCY COURT
for the
DISTRICT OF MASSACHUSETTS

```
=========================================
                                         *
In Re:                                   *
                                         *  Chapter 7
    STEVEN J. BELLI and CARLEEN A. BELLI,*  No. 03-12181-WCH
                                         *
                Debtors                  *
                                         *
=========================================
                                         *
                                         *
                                         *  Adversary Proc.
    ATS CASES, INC.,                     *  No. 04-1165
                        Plaintiff        *
                                         *
            vs.                          *
                                         *
    STEVEN J. BELLI,                     *
                                         *
                        Defendant        *
                                         *
=========================================
```

DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff ATS Cases, Inc. ("Plaintiff") brought this adversary complaint against Steven J. Belli ("Defendant") asserting, under various theories, that a debt due to Plaintiff from Defendant was nondischargeable and further seeking a money judgment in the amount of $44,934.11. Plaintiff filed an amended complaint to which Defendant responded. Plaintiff subsequently moved to add Count IV to the amended complaint, which motion was granted without opposition. Defendant did not reply to the newly added count.

Plaintiff subsequently moved for partial summary judgment. At the hearing

Defendant, who is *pro se*, represented that he had filed a response to the summary judgment motion two days previously. I was unable to find the pleading and, as a result, took the motion under advisement until I could review the Defendant's response. The clerk's office never found the response to the motion but, at my request, Defendant provided a copy subsequent to the hearing.

Having now had the benefit of both pleadings, I deny the motion.

### The Amended Complaint and Answer

In the amended complaint, as augmented by the added Count IV, Plaintiff asserts that Defendant, while an officer and sole shareholder of ATS Marketing, Inc. ("Marketing"), used corporate assets for his personal benefit in violation of Mass. Gen .Laws ch. 156, § 37 and hence is nondischargeable under 11 U.S.C. § 523(a)(4) (Count I); benefitted from a fraudulent transfer from Marketing resulting in a nondischargeable debt under the same section (Count II); violated his corporate duties "under a claim of 'deepening insolvency'" resulting in nondischargeability under 11 U.S.C. § 523(a)(4)(Count III); and has caused Marketing to fail to pay an indebtedness to Plaintiff which was the result of a willful and malicious injury to Plaintiff, and hence is nondischargeable under 11 U.S.C. § 523(a)(6) (Count IV).

As noted, Defendant is appearing *pro se* in defending this adversary proceeding and his answer is in the form of a letter which contests the most important allegations of the complaint when liberally construed, as is my obligation.[1] Despite the fact that the answer

---

[1] Admed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), *cert. denied* 522 U.S. 1148 (1998). ("Our judicial system zealously guards the attempts of pro se litigants on their own behalf.")

was filed prior to the addition of Count IV, it serves to respond to that count as well.

## Standards for Summary Judgment

Fed. R. Civ. P. 56, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056, governs motions for summary judgment. It provides that

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The burden of proof is upon the moving party in the first instance.[2]

## The Motion

In its motion for partial summary judgment Plaintiff asks that I establish the indebtedness of the Defendant to the Plaintiff, reserving the amount of the indebtedness to a future time, and determine that the indebtedness is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). As to the question of amount, I have previously held and adhere to the view that I do not have authority to enter a money judgment in a proceeding seeking to hold a debt nondischargeable[3] and hence will not consider that argument now or later.

Defendant's answer does not specifically address the allegations of the motion, which are substantially the same as contained in the complaint. Summary judgment is precluded, however, unless no reasonable trier of fact could draw any other inference from the totality of the circumstances revealed by the undisputed evidence,[4] and I examine the

---

[2] *In re* Wang Laboratories, Inc., 155 B.R. 289, 290 (Bankr. D. Mass. 1993).

[3] American Express Centurion Bank v. Losanno (*In re* Losanno), 291 B.R. 1 (Bankr. D. Mass. 2003). I recognize that there is disagreement on this point. *See In re* Friedman, 300 B.R. 149 (Bankr. D. Mass. 2003) (Chief Judge Feeney).

[4] Blanchard v. Peerless Ins. Co., 958 F.2d 483, 488 (1st Cir. 1992).

allegations of the motion to see if that test is satisfied.

## Discussion

Because of my view of the evidence, I will assume *arguendo* that Defendant is liable to Plaintiff and turn directly to the issue of dischargeability under 11 U.S.C. § 523(a)(6).

> A claim arising out of a willful and malicious injury is not dischargeable. Both willfulness and malice are required. In *Kawaauhau v. Geiger* the United States Supreme Court determined the issue of whether section 523(a)(6) encompassed "acts, done intentionally, that cause injury ... or only act done with actual intent to cause injury." In adopting the latter view, the Court relied upon the *Restatement (Second) of Torts*, section 8A, comment a, indicating that a contrary interpretation would render section 523(a)(9) and (a)(12) superfluous.[5]

In making my determination, I must view the facts and draw inferences in the light r4most favorable to the party opposing the motion, and indulge all inferences favorable to that party.[6] Having done so I find that the Plaintiff has failed to allege facts sufficient to demonstrate that its loss resulted from willful and malicious conduct on the part of the Defendant.

---

[5] William C. Hillman & Margaret M. Crouch, 1 BANKRUPTCY DESKBOOK 9-28 (3rd ed. 2004) (footnotes omitted).

[6] Morris v. Government Dev. Bank, 27 F.3d 746, 748 (1st Cir. 1994); Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988).

## Conclusion

The motion for partial summary judgment is denied.

*William C. Hillman*
William C. Hillman
United States Bankruptcy Judge

Dated: 6/29/05